*39
SUMMARY ORDER

Petitioner Yanhua Chen, a citizen of China, seeks review of a July 29, 2008 order of the Board of Immigration Appeals (“BIA”) adopting and affirming Immigration Judge (“IJ”) Barbara A. Nelson’s July 11, 2006 decision denying Chen’s application for asylum, withholding of removal and relief under the Convention Against Torture. In re Yanhua Chen, No. A98 719 199 (B.I.A. July 29, 2008), aff'g No. A98 719 199 (Immig. Ct. N.Y. City July 11, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We find no error in the agency’s adverse credibility determination in this case. The IJ reasonably relied on Chen’s failure, in her written materials, to mention her effort to obtain a marriage certificate, and noted that this omission was “significant” because “this is when authorities actually became aware of her pregnancy, which would go to the heart of her claim.” See Belortaja v. Gonzales, 484 F.3d 619, 626 (2d Cir.2007) (upholding the agency’s adverse credibility determination where it was based on a substantial omission). Further, the record supports the IJ’s determination that Chen’s testimony was inconsistent with her written statement and corroborating materials. In her statement, Chen claimed that she had been forced to undergo an abortion on May 12, 2004, a date that was corroborated by an abortion certificate offered in support of her asylum application. At her hearing, however, Chen testified that the family planning officials came to her family’s home on May 12, 2004, but did not discover her at her cousin’s home until several days later, when she was taken for an abortion. Under the REAL ID Act, this inconsistency was a proper basis for the IJ’s adverse credibility finding. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008)(“For cases filed after May 11, 2005, the effective date of the Act, an IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible.” (internal quotation marks omitted)).
The IJ also reasonably concluded that Chen’s testimony was implausible. In making a finding that an applicant’s testimony is inherently implausible, an IJ is not required to “explain in precise detail what made each identified act implausible.” See Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir.2007). Rather, the Court will “review the entire record, not whether each unusual implausible feature of the account can be explained or rationalized.” Ying Li v. Bureau of Citizenship and Immigration Servs., 529 F.3d 79, 82 (2d Cir.2008). Where “the reasons for [the IJ’s] incredulity are evident,” the implausibility finding is supported by substantial evidence. Wensheng Yan, 509 F.3d at 67. In this case, the IJ’s implausibility finding was not based on speculation or conjecture. Rather, the IJ reasonably found implausible Chen’s assertion that, knowing the consequences of a pregnancy for an unmarried underage woman, she would *40 have voluntarily revealed her pregnancy to government officials. Nothing compels us to reach a different conclusion. Further, we defer to the IJ’s determination that Chen’s demeanor suggested that she was not testifying credibly. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005).
Because the only evidence of a threat to Chen’s life or freedom depended upon her credibility, the adverse credibility finding in this ease necessary precludes success on her claims for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003). Finally, because Chen offered no independent evidence that she would be tortured if returned to China, the adverse credibility determination is also fatal to her claim for CAT relief. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).
For the foregoing reasons, the petition for review is DENIED.